United States District Court
Southern District of Texas
**ENTERED**
April 01, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYREESE D. BUTLER, SPN #02918321, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-0916 |
| HARRIS COUNTY JAIL, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Tyreese D. Butler (SPN #02918321), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), in connection with criminal proceedings that are pending against him in state district court. Because Butler is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Butler is currently in custody at the Harris County Jail as the result of aggravated robbery charges that were filed against him in September of 2017.[1] In January 2018, Butler was charged in connection with another aggravated robbery.[2] Public records confirm that Butler has been charged in the 209th District Court for Harris County, Texas, with committing aggravated robbery with a deadly weapon, namely a firearm, in Cause Nos. 1563965 and 1577836.[3] Butler claims that his bond was set initially at $50,000.00, but changed to "no bond" after the second aggravated robbery charge was lodged against him.[4]

Invoking 42 U.S.C. § 1983, Butler sues the Harris County Jail, Harris County Sheriff Ed Gonzalez, and District Attorney Kim Ogg for denying him a bond he can afford.[5] Butler seeks leave to join an existing, but unidentified class action lawsuit on the issue of "felony bail reform," and he also requests a "P.R. Bond" or release

---

[1]Complaint, Docket Entry No. 1, p. 6.

[2]Id.

[3]See Indictments in Cause Nos. 1563965 and 1577836, available at Office of the Harris County District Clerk, located at: http://www.hcdistrictclerk.com (last visited April 1, 2019).

[4]See Complaint, Docket Entry No. 1, p. 6.

[5]See id. at 1, 4.

on his own personal recognizance.[6]

## II. **Discussion**

### A. **Claims Against the Harris County Jail**

The primary defendant identified by Butler is the Harris County Jail, which is operated by the Harris County Sheriff's Department. As a subdivision of Harris County, however, neither the Harris County Sheriff's Department nor the Harris County Jail have the capacity to be sued as required by Fed. R. Civ. P. 17(b). See Aguirre v. Harris County Sheriff's Office, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); Lane v. Harris County Jail Medical Dep't, Civil No. H-06-0875, 2006 WL 2868944, at *7 (S.D. Tex. Oct. 5, 2006); see also Potts v. Crosby Ind. Sch. Dist., 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Department on the grounds that, as a "non sui juris division of Harris County," it lacked the capacity to be sued) (citing Darby v Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991)). Therefore, Butler may not pursue his claims against the Harris County Jail or the Harris County Sheriff's Department because these entities lack the requisite legal capacity.

---

[6]Id. at 6. There is a class action currently pending in this district on the issue of bail reform for indigent misdemeanor arrestees. See Odonnell v. Harris County, Civil No. H-16-1414 (S.D. Tex.). As a criminal defendant charged with two aggravated felonies, however, Butler does not meet the criteria for inclusion in that class.

-3-

## B. Claims Against Gonzalez and Ogg

Butler does not allege facts showing that Harris County Sheriff Ed Gonzalez or District Attorney Kim Ogg had any personal involvement in the setting of his bond or that either of these supervisory officials have authority over the amount of bond set in his case. In Texas, a criminal defendant's initial bond determination is made by a magistrate. See Tex. Code Crim. Proc. art. 15.17(a). The amount of bond required in any case is regulated by the court and set in an exercise of its discretion. See Tex. Code Crim. Proc. art. 17.15. The granting of a personal bond for a defendant charged with aggravated robbery is within the discretion of the trial court before whom the case is pending. See Tex. Code Crim. Proc. art. 17.03(b)(1)(F).

Butler, who has been charged with two separate aggravated robbery offenses involving the use of a firearm, does not allege facts showing that he has been denied a personal bond improperly or that any of the defendants were involved in that decision. Butler does not otherwise establish the violation of a federal constitutional or statutory right of the sort that is actionable under 42 U.S.C. § 1983. See, e.g., Bell v. Wolfish, 99 S. Ct. 1861, 1871-73 (1979) (noting that a criminal defendant may be detained prior to trial so long as his confinement does not violate the Due Process Clause); United States v. Salerno, 107 S. Ct. 2095, 2102 (1987) (concluding that pretrial detention, as a general rule,

does not constitute punishment before trial in violation of the Due Process Clause). Accordingly, this action must be dismissed for failure to state a claim upon which relief may be granted under § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Tyreese D. Butler under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 29th day of March, 2019.

```
                              SIM LAKE
                    UNITED STATES DISTRICT JUDGE
```